Per Curiam
: Asserting three general grounds of error, the Suquamish Tribe appeals from an award made to it by the Indian Claims Commission. The first contention is that the area in the State of Washington awarded to the Tribe under the doctrine of aboriginal ownership is too small. A very substantial part of this claim, as now made in this court, was not made before the Commission. We do not consider this post-award and post-appeal enlargement of the area claimed, on the established principle that these matters should have been presented to the factfinding tribunal; no adequate excuse is offered for the failure to do so. The Commission is an independent body with power to “hear and determine”, not a mere arm of this court or an advisory board. See §§ 1-2 of the Indian Claims Commission Act, 25 U.S.C. § 70-70a. In § 20(b) of the Act, 25 U.S.C. § 70s, Congress made it clear that, in cases coming from the Commission, we were to be an appellate or reviewing court, not a court of first instance. From the beginning, we have followed that concept, refusing to treat appeals as trials de novo or to consider the proceedings before the Commission as mere preliminaries to a “real trial” here. See Osage Nation of Indians v. United States, 119 Ct. Cl. 592, 97 F. Supp. 381, cert. denied, 342 U.S. 896 (1951), and many succeeding decisions, including Lummi Tribe of Indians, 181 Ct. Cl. 753, 757 (1967). It follows that claimants cannot wait to present their full claim until they reach this court.
As for the Commission’s refusal to grant all of the area *778 urged by appellant before it, we are satisfied from tlie record, the briefs, 'and oral arguments tha<t the Commission’s determination was based on substantial evidence, was neither arbitrary nor capricious, and was not infected by am error of law. It must therefore be accepted. Iowa Tribe v. United States, 195 Ct. Cl. 365 (1971), cert. denied, 404 U.S. 1017 (1972).
The second alleged error is that the valuation of the awarded area (about 90 cents an acre) was too low. Here, too, appellant seeks to present matters not raised before the Commission, and again we refuse to consider them.[1] As with the extent of the area awarded, we find that the Commission’s determination of value is acceptable on the points made to it, and must therefore be affirmed. Unlike the opinions and findings criticized in Seminole Indians v. United States, ante, at 350, 455 F. 2d 539 (1972) (and earlier decisions of like tenor), we think that in this instance the Commission sufficiently disclosed the thinking underlying its conclusion on valuation, a determination which is reasonable and supported by substantial evidence on the record as a whole.[2] Appellant says that the statements in the opinion and findings on the inaccessibility of the area are subject to the same challenge this court made to the findings on accessibility in Lummi Tribe of Indians v. United States, 181 Ct. Cl. 753, 766-67 (1967). The difference is, however, that in Lwrmni the Commission unfavorably and incorrectly compared the Washington area there involved to the rest of the Washington territory, while in this case the Commission simply commented (and correctly so) that the whole of Washington was relatively inaccessible because of the absence of a railroad. Complaint is also made that the value given here was only 90 cents per acre, while in Lummi the Commission, after the remand ordered in *779 181 Ct. Cl. 758, awarded considerably more for the Lummi tract. But the two areas are not truly comparable. The Lummis had a good amount of fertile potential agricultural land and valuable coal lands (181 Ct. Cl. at 767-68) ; the Suquamish, on the other hand, had almost no potential agricultural land and no minerals of any importance. With respect to timber, it is stressed that the Commission erred in finding an average of only 9,000 board feet per acre on the accessible lands and. 6,000 board feet per acre on the inaccessible lands. This finding accepted the view of defendant’s appraiser (who thought there had been extensive damage to the timber in that region) ,[3] while appellant’s expert felt that an average of 14,000 feet per acre was more correct. In the face of this conflicting evidence, we obviously cannot say the Commission’s choice was unsupported. “[WJhere there is evidence to support either of two fairly conflicting views, this court is not free to set one of them aside, even though the Commission could have drawn the other and been supported by substantial evidence.” Confederated Tribe of Warm Springs Reservation v. United States, 177 Ct. Cl. 184, 208 (1966).
The last of the questions appellant raises on appeal is that the United States should have made allotments to individual Suquamish under Article 7 of the Treaty of Point Elliott, 12 Stat. 927, 929 (1855). There is no need to spell out the details of this argument because it, too, was not raised below, as it should have been if appellant desired it to be a part of this litigation. It is to be noted, in addition, that this very claim was rejected on legal grounds, in a suit under an earlier jurisdictional act, in Duwamish Tribe of Indians v. United States, 79 Ct. Cl. 530, 577-80 (1934), cert. denied, 295 U.S. 755 (1935), which is binding on appellant as a plaintiff in that case. United States v. Creek Nation, 196 Ct. Cl. 639 (1971). Insofar as the Tribe seeks to contend, belatedly, that Article 7 of the Point Elliott Treaty should be revised under *780 the third and fifth grounds of jurisdiction in the Indian Claims Commission Act, 25 U.S.C. §70a(3) and (5), this court has already rejected that argument in Lummi Tribe of Indians v. United States, supra, 181 Ct. Cl. 753, 761 (1967). Nothing is presented on this appeal which would warrant a different conclusion or a reconsideration of the problem.

Affirmed.

 The findings show that the Commission properly took account of the various classes of land involved in the Suquamish area.

 Appellant attacks the appraiser’s position on the basis of two 19th century reports on timber which were not presented below and which, for that reason, we should not consider. See note 1, supra. Reference is also made to testimony In another case which is likewise not properly before us.